Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Rolando Barreiro Vázquez<br><br>Recurrente<br><br>vs.<br><br>Departamento de Corrección y Rehabilitación; Institución Correccional Bayamón 501<br><br>Recurrida | KLRA202400637 | **REVISIÓN ADMINISTRATIVA** procedente del Departamento de Corrección y Rehabilitación<br><br>Remedio Administrativo Núm.: B-1276-24<br><br>Sobre: Alimentos |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 14 de enero de 2025.

Comparece ante nos, el señor Rolando Barreiro Vázquez (Sr. Barreiro Vázquez o recurrente), quien presenta recurso de revisión administrativa en el que solicita la revocación de la "Resolución" notificada el 15 de octubre de 2024, por el Departamento de Corrección y Rehabilitación (DCR o recurrida). Mediante dicha determinación, el DCR ordenó al Sr. Barreiro Vázquez a que, por su condición de salud, solicite un *sick call* con el propósito de que el médico pueda hacer un referido al área de alimentos para que no se le sirva pescado.

Luego de evaluar el escrito del recurrente, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de la agencia recurrida, y procedemos a resolver. Regla 7 (b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b)(5).

Número Identificador

SEN2025 _____

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, confirmamos el dictamen mediante los fundamentos que expondremos a continuación.

## I.

El 21 de junio de 2024, el Sr. Barreiro Vázquez presentó una Solicitud de Remedios Administrativos en la cual expuso que le dieron pescado para el almuerzo y que, por ser alérgico, no lo consumió. En atención a lo cual, el 3 de julio de 2024,[1] el señor César Lugo Ramírez, Supervisor de Cocina, emitió una respuesta exhortándole al recurrente acudir al área médica, puesto que, sin evidencia médica, nada que se puede hacer al respecto.

Inconforme, el 20 de agosto de 2024, el Sr. Barreiro Vázquez radicó escrito de reconsideración. Dicha petición fue acogida el 10 de septiembre de 2024. Evaluada la misma, el 15 de octubre de 2024, el DCR emitió "Resolución" mediante la cual confirmó la determinación del Sr. César Lugo Ramírez. En esencia, ordenó al recurrente a que, por su condición de salud, solicite un *sick call* con el propósito de que el médico pueda hacer un referido al área de alimentos para que no se le sirva pescado.

Aún insatisfecho, el Sr. César Lugo Ramírez recurre ante este foro apelativo intermedio, y nos solicita la revocación de la determinación recurrida.

## II.

En nuestro ordenamiento jurídico, las decisiones de las agencias administrativas están investidas de una presunción de legalidad y corrección. *Capó Cruz v. Jta. Planificación et al.*, 204 DPR 581, 591 (2020); *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 893 (2008). Lo anterior se fundamenta en el conocimiento especializado y el *expertise* sobre la materia que su ley habilitadora

---

[1] Notificada el 8 de agosto de 2024.

le confiere jurisdicción. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.*, 144 DPR 425, 436 (1997); *Misión Ind. P.R. v. J.P. y A.A.A.*, 142 DPR 656, 672-673 (1997). En otras palabras, el conocimiento especializado de la agencia justifica que se sostengan sus determinaciones. Por lo que, en virtud de nuestro ejercicio de revisión judicial, le debemos gran deferencia a las decisiones emitidas por los foros administrativos. *Pérez López v. Dpto. Corrección*, 208 DPR 656, 673-674 (2022); *Super Asphalt v. AFI y otros*, 206 DPR 803, 819 (2021).

Dentro de este contexto, la revisión judicial se limita a determinar si la agencia actuó de forma arbitraria, ilegal, o tan irrazonable que implique abuso de discreción. *OCS v. Point Guard Ins.*, 205 DPR 1005, 1026-1027 (2020); *Rivera Concepción v. A. R. Pe.*, 152 DPR 116, 122 (2000). Esto significa que el tribunal respetará el dictamen de la agencia, salvo que no exista una base racional que fundamente la actuación administrativa. *ECP Incorporated v. OCS*, 205 DPR 268, 282 (2020); *Misión Ind. P.R. v. J.P.*, 146 DPR 64, 134-135 (1998). Así, la revisión judicial suele limitarse a determinar si: (1) el remedio concedido por la agencia fue el apropiado; (2) las determinaciones de hechos realizadas por la agencia están sostenidas por evidencia sustancial en el expediente administrativo; y (3) si las conclusiones de derecho fueron correctas. *Pacheco v. Estancias*, 160 DPR 409, 431 (2003).

Ahora bien, esa presunción de legalidad no constituye un dogma inflexible que impide la revisión judicial si no existen las condiciones que sostienen la deferencia. En el caso de *Torres Rivera v. Policía de PR*, 196 DPR 606 (2016), el Tribunal Supremo se expresó sobre el alcance de la revisión judicial y mencionó lo siguiente:

> *[L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero ésta cederá cuando: (1) la determinación administrativa no está basada en*

*evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que, si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos procede que se valide la interpretación que realizó la agencia administrativa recurrida. Íd.*, a la pág. 628.

Por ende, como norma general, el tribunal revisor le debe respeto y deferencia al dictamen administrativo. No obstante, si el foro revisor entiende que uno de estos factores está presente, podrá entonces modificar la decisión. De lo contrario, se abstendrá a ello. Es pertinente enfatizar que la doctrina no exige que la agencia tome la mejor decisión posible, sino que el criterio a evaluar es si la misma, dentro de las circunstancias particulares del caso, es razonable. *De Jesús v. Depto. Servicios Sociales*, 123 DPR 407, 417-418 (1989). Por ende, si existe más de una interpretación razonable de los hechos, ordinariamente se avalará la decisión del foro administrativo. *Super Asphalt v. AFI y otros, supra*, a la pág. 819; *Torres Rivera v. Policía de PR, supra*, a la pág. 628.

En lo concerniente al alcance de la revisión judicial, la sección 4.5 de la de Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico limita la discreción del tribunal revisor sobre las determinaciones de hecho que realiza la agencia administrativa. 3 LPRA sec. 9675. Como consecuencia, la revisión judicial de los tribunales para determinar si un hecho se considera probado o no se limita conforme la siguiente norma:

*El tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.*

*Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.*

*Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.* Ley Núm. 38-2017, 3 LPRA sec. 9675.

El Tribunal Supremo de Puerto Rico define el concepto de evidencia sustancial como "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Otero v. Toyota,* 163 DPR 716, 728 (2005); *Misión Ind. P.R.* v. *J.P., supra,* a la pág. 131. Además, dicho Foro ha reiterado que:

> *Para que un tribunal pueda decidir que la evidencia en el expediente administrativo no es sustancial es necesario que la parte afectada demuestre que existe otra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia, hasta el punto de que un tribunal no pueda, concienzudamente, concluir que la evidencia sea sustancial, en vista de la prueba presentada y hasta el punto que se demuestre claramente que la decisión [del organismo administrativo] no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración. Domínguez* v. *Caguas Expressway Motors,* 148 DPR 387, 397-398 (1999); *Hilton Hotels v. Junta Salario Mínimo,* 74 DPR 670, 686 (1953).

Por tal razón, es la parte que impugna la decisión administrativa la que tiene que producir evidencia de tal magnitud que conmueva la conciencia y tranquilidad del juzgador, de forma que éste no pueda concluir que la decisión de la agencia fue justa, porque simple y sencillamente la prueba que consta en el expediente no la justifica. Ello implica que "[s]i en la solicitud de revisión la parte afectada no demuestra la existencia de esa otra prueba, las determinaciones de hecho de la agencia deben ser sostenidas por el tribunal revisor". *Domínguez* v. *Caguas Expressway Motors, supra,* a la pág. 398; *Ramírez v. Depto. de Salud,* 147 DPR 901, 905 (1999).

### III.

En el presente caso, el Sr. Barreiro Vázquez solicita un cambio en su dieta ya que es alérgico al pescado y no lo puede

consumir. El supervisor de cocina, así como el DCR, concluyeron que es necesario que un médico haga un referido al área de alimentos para que no se le sirva pescado porque, de lo contrario, nada se puede hacer al respecto. Por esta razón, le ordenaron al recurrente a solicite un *sick call* con el fin de que el médico pueda hacer el aludido referido.

Evaluada la totalidad del expediente apelativo, concluimos que la determinación del DCR fue correcta y el recurrente no aportó evidencia suficiente para derrotar la presunción de corrección que caracteriza la decisión del foro recurrido. Es importante enfatizar que, al desempeñar nuestra función revisora, estamos obligados a considerar la especialización, experiencia y las cuestiones propias de la discreción y pericia de las agencias administrativa. En vista de lo anterior, consideramos que el DCR no actuó de manera arbitraria, ilegal, irrazonable, o fuera del marco de los poderes que se le delegaron. En fin, la totalidad de la evidencia que obra en el récord nos obliga a confirmar el dictamen recurrido.

## IV.

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, se confirma la "Resolución" recurrida, emitida por el Departamento de Corrección y Rehabilitación.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Adames Soto disiente con voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

| | | |
|---|---|---|
| ROLANDO BARREIRO VÁZQUEZ<br>Recurrente<br><br><br><br>v.<br><br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN; INSTITUCIÓN CORRECCIONAL BAYAMÓN 501<br>Recurrida | KLRA202400637 | *Revisión Judicial* procedente de la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación<br><br>Núm.<br>B-882-24<br><br>Sobre: Alimentos |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

## VOTO DISIDENTE DEL JUEZ NERY E. ADAMES SOTO

a.

Juzgo necesario resaltar varios datos procesales antes de precisar sobre la razón por la cual respetuosamente disiento de la determinación de mis compañeros jueces de Panel.

El inicio procesal del asunto ante nosotros ocurrió por vías de una *Solicitud de remedio administrativo* instada por el señor Rolando Barreiro Váquez, confinado, (señor Barreiro Váquez o recurrente), el 14 de junio de 2024. En lo pertinente, este afirmó que: es alérgico al pescado; que la persona que está a cargo de la Cocina lo sabe, **por cuanto le había entregado un documento médico al respecto**; sin embargo, le contestaron que la única dieta que tenía era *la de mulsumán*, no teniendo ningún documento que diga que esté impedido de comer pescado; que una funcionaria reaccionó e indicó que había que arreglar el asunto pues este confinado *no se puede quedar sin comer*, que este asunto ha pasado muchas veces y debe detenerse pues se ha quedado sin comer; que tiene muchísima evidencia sobre lo dicho.

A raíz de lo cual, el Departamento de Corrección y Rehabilitación, (DCR) emitió una *Respuesta al miembro de la población correccional,* en la que el *Supervisor de alimentos* indicó: que **las dietas <u>tienen que ser renovadas cada 30 días</u>, aunque el confinado tenga evidencia**; si el área médica no lleva el papel, él no tiene nada que hacer; exhorta al recurrente a pasar por el área médica pues sin la dieta por escrito, nada puede resolver. (Énfasis y subrayado provistos).

Es decir, según la contestación aludida, **la DCR pretende que el confinado renueve cada mes la solicitud al médico de la institución para que se le autorice una dieta sin pescado**. Advierte, además, que esa renovación mensual tiene que acontecer, **no importando si se cuenta con evidencia previa que muestre la necesidad de la dieta.**

Insatisfecho con la contestación del DCR, el recurrente presentó una *Solicitud de reconsideración,* en la que aseveró, entre otros, que: **se ha quedado sin comer en varias ocasiones a causa de lo descrito; tiene evidencia de su alergia al pescado, que la ha presentado y entregado a la persona encargada; los doctores de la institución también están al tanto del asunto**.

En respuesta, el DCR *orientó* al recurrente indicándole, en lo pertinente, que: la dieta musulmana provee pollo, pavo, res o pescado; si el confinado resulta alérgico al pescado, debe solicitar un *sick call* para que el médico pueda realizar el referido al área de alimentos para que no se le sirva pescado por su alergia; **dicho referido caduca cada treinta días y es responsabilidad del recurrente volver a solicitar que se renueve**. (Énfasis provisto).

Inconforme, el recurrente acude ante nosotros en búsqueda de un remedio.



b.

En la *Sentencia* suscrita por mis respetados compañeros de Panel se incluyó la jurisprudencia atinente a los criterios que deben mover

nuestro juicio al revisar las determinaciones administrativas, por lo que no me resulta necesario reiterar sobre lo mismo. Sí me permitiré puntualizar que estamos habilitados para intervenir con una determinación administrativa, (y por ello con la deferencia que el ordenamiento le reconoce), cuando la agencia actúe de forma arbitraria, ilegal, o tan irrazonable que implique abuso de discreción, (véanse las citas de Opiniones que sobre este asunto se hicieron en la *Sentencia*). Juzgo que estamos ante una situación de manifiesto abuso de discreción, que revela una determinación irrazonable y arbitraria.

Primero, el DCR no refirió a provisión reglamentaria alguna donde se precise que el confinado tenga que renovar mensualmente la autorización médica para que no se le sirva pescado. Es decir, el sustento legal mediante el cual presuntamente se impone tal carga mensual a un confinado no fue revelado. Pero, en cualquier caso, de contar con algún sustento legal, el requerimiento retaría a la razón mínima pues, si el confinado ya ha obtenido una autorización previa por un médico donde conste que es alérgico al pescado, (como lo ha afirmado el recurrente), ¿qué propósito serviría renovar mes a mes lo que ya el DCR conoce? **¿Es que hay la posibilidad de que cada mes el confinado pueda *curarse* de la alergia y por ello se justifique dicho requerimiento constante?**

Desde mi óptica, y solo con la limitada información que surge del expediente, el referido requisito de renovación mes a mes es irrazonable, e impone una carga al confinado que resulta insostenible, visto que, de no cumplirla, ha tenido como consecuencia que pase algunos días sin comer. La pena de la privación de la libertad no incluye la de la privación de alimentos bajo las circunstancias descritas. Me parece evidente que sin la intervención reparadora de este Foro intermedio, exponemos al recurrente a que siga pasando algunos días sin comer, por la imposición de un requerimiento que luce irrazonable.

Advierto que no estoy sugiriendo que sea irrazonable que el confinado obtenga primero una autorización médica de la institución para que se cumpla con cierta dieta. Por supuesto que ello es más que razonable. Sin embargo, en este caso el confinado reiteró ante el DCR, y ante nosotros, que había entregado a las personas indicadas en la institución la documentación médica sobre su alegada alergia, pero seguían sirviéndole pescado, **por requerírsele la renovación mensual del referido permiso médico**. Es este *renovar* en tan corto tiempo un permiso sobre la alergia al marisco que ya conoce la institución (pues se ha presentado evidencia médica al respecto), lo que lo ha dejado sin poder comer en varias ocasiones, (en las que se sirva pescado), y que juzgo irrazonable.

Por las razones expuestas, como mínimo hubiese requerido que la Oficina del Procurador General se expresara sobre lo expuesto, en representación del DCR. Pero, puesto que no contamos con tal beneficio, muy respetuosamente disiento del curso decisorio aquí elegido.

Por las razones expuestas, respetuosamente disiento.

En San Juan, Puerto Rico, a 14 de enero de 2025.

Nery Énoc Adames Soto
Juez de Apelaciones